# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| CASE NUMBER | 89 C 6111 | DATE | 9/26/2002 |
| CASE TITLE | | Robinson vs. Northrop Grumman | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendant's motion for sanctions [679-1] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 10 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 27 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 809 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 9/26/2002 | |
| | | 02 SEP 26 AM 10:39 | date mailed notice | |
| KF | courtroom deputy's initials | | KF | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel, REX A. ROBINSON, and JAMES H. HOLZRICHTER, ) ) ) ) | |
| Plaintiffs, ) | No. 89 C 6111 |
| ) | |
| v. ) | Hon. Ronald A. Guzman |
| ) | |
| NORTHROP GRUMMAN CORPORATION, ) ) | Mag. Judge Mason |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Almost as a counterpoint to the relators' motion for sanctions, which we denied on September 19, 2002, defendant Northrop Grumman Corporation ("Northrop") has filed its own sanctions motion, contending that the plaintiff/relators (hereinafter, "plaintiffs" or "relators") have abused discovery and disregarded court orders. The parties' briefs on this issue are filled with accusations and allegations of misconduct on both sides and detail behavior stretching back for over a decade. As we explain below, Northrop's motion is denied.

This case has certainly not followed a straight and narrow litigation path. No fewer than six different District Court judges and magistrates have considered issues in this case and the related criminal matters (which have since been dismissed). The grand jury has considered the criminal allegations on two separate occasions, the United States has declined to intervene and then changed its mind, and the civil case has been stayed and then reopened, necessitating the refiling or supplementation of pending motions. A large number of the opinions entered in this case have been subsequently appealed (from

809

magistrates to the District Court), modified, commented upon, or revisited by other judges. Given this history, trying to evaluate the propriety of either party's past litigation behavior has not been easy.[1] Basically, Northrop's allegations against the relators fall into two categories: 1) failure to return, and the unlawful use of, privileged documents and 2) abuse of the discovery process including filing frivolous discovery motions, abusing the deposition process, failing to respond to discovery and making false accusations against Northrop. Most of these allegations are not new; Northrop has been complaining about some of the relators' behaviors (and vice versa), for years. We will address them briefly.

Both parties to this case have litigated vigorously since the beginning. In briefing this current motion, the parties spend a majority of their time not defending or explaining their own actions, but lobbing the same tired accusations of discovery abuse at the other side. We denied the plaintiffs' motion for sanctions against Northrop because nothing in its briefs – including the affidavits and depositions of the four "insiders" it attached – demonstrated that Northrop engaged in discovery abuse.[2] We find the same holds true for the relators. Most of the behavior about which Northrop complains occurred two or three years ago. And as we pointed out above, one of the issues Northrop raises – that the relators have filed frivolous discovery motions by bringing them before the Court on multiple occasions – is not surprising, given the convoluted way the proceedings have unfolded. Although at times the

---

[1] Although we have only been involved in this case for a year, we do note that both parties have behaved admirably before us both in Court and in their filings.

[2] Still pending is one final series of motions regarding allegations of discovery abuse resulting from Northrop's assertion of the attorney-client privilege over an internal audit conducted by independent auditor Arthur Young & Company ("AY"). Northrop has moved for a protective order over a particular privileged AY document that it inadvertently produced and the plaintiffs have moved to strike Northrop's privilege claim in its entirety, and to compel the production of all AY documents. We separated these motions from the relators' other claim for sanctions because the affiants who provided the evidence in support of the sanctions motion did not have any personal knowledge about the AY engagement.

2

relators may have pushed the envelope with regard to rearguing certain issues before different judges, we don't find that their conduct rose to such a level of abuse as to merit sanctions.

As for Northrop's other contentions, the one that deserves the most discussion is Northrop's allegation that the relators have refused to return documents that other judges agreed were privileged and had been inadvertently produced. Northrop complains that not only have the relators refused to return the documents (claiming that Magistrate Judge Rosemond's orders are not final, since they have been appealed to the District Court), they turned them over to the government, which in turn provided them to the grand jury. It is true that prior to the commencement of the second criminal investigation in January, 2000, Magistrate Judge Rosemond granted two of Northrop's motions for protective order regarding allegedly privileged documents that had been inadvertently produced (he granted a third such motion in March, 2000). Despite the fact that the relators were ordered not to use the privileged documents for any reason, they subsequently provided them to the grand jury – pursuant to subpoena. Soon thereafter, Judge Guzman stayed the civil case and informed Northrop that he would not interfere with any actions of the grand jury. The relators have used the existence of the stay to justify not returning the documents to Northrop.

For the first time in its reply brief to this motion, Northrop argued that even the power of the grand jury cannot override the attorney-client privilege. *See, In re: Subpoenaed Grand Jury Witness*, 171 F.3d 511, 513 (7th Cir. 1999). The case holds that an attorney does not have to testify before the grand jury as to the fee arrangement with his client, since such information would reveal the identity of the client. The case did not discuss documents

protected by the attorney-client privilege or the status of those documents during an appeal from a magistrate to the District Court.[3] Like the question of production of privileged documents to the grand jury, the parties have not previously briefed the issue of compliance with a magistrate's order during the pendency of objections. The question was stayed along with the rest of the civil case by Judge Guzman until May, 2001, when he lifted the stay.

Given the past confusion concerning the exact status of the privileged documents, as well as the dearth of briefing on the issue before now, we will not sanction the relators for their actions, but we do order them to turn over all copies of the documents previously found privileged by Judge Rosemond, Judge Guzman, or any other judge who heard matters in this case. The stay has been lifted, the grand jury is finished, and we find no reason for the relators to retain copies of the documents for any reason. The fact that we still have pending before us several motions concerning whether the AY documents are privileged or whether we should obviate Northrop's assertion of privilege in its entirety is not a reason to stay the application of Judge Rosemond's orders at this time. Unless we later rule otherwise, the relators are of course barred from using the documents for any reason whatsoever.

The rest of the issues Northrop raises – mostly dealing with discovery – do not merit the imposition of sanctions against the relators, although we do hope that the close of fact discovery in August, 2002 put an end to them. Since we took over the District Court's discovery referral in this case in October, 2001, we have dealt with the questions of expanding the scope of discovery and the adequacy of discovery responses as each issue

---

[3] Northrop cites *Litton Indus, Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 124 F.R.D. 75, 78-79 (S.D.N.Y. 1989) for the general proposition that a party must comply with a magistrate's order while its objections are pending in the district court. However, we found a case that suggests that a party may at least temporarily avoid such compliance while its objections are pending. *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154, 156 (N.D.Ill. 1993).

arose;[4] there is no reason to re-hash old arguments here.[5] Additionally, as we mentioned above, Northrop's claim that it is entitled to sanctions against the relators because their own motion for sanctions was without merit is really nothing more than a restatement of its arguments against that motion. Although we denied the motion, we do not believe that its filing warrants the imposition of sanctions.

In short, we understand that each party has strong convictions that the other side is unjustified in its litigation behavior to date. However, motions for sanctions are not the appropriate medium to address issues that have, for the most part, either been dealt with or informally waived previously. Thus, Northrop's motion for sanctions is denied. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: September 26, 2002

---

[4] Northrop points out that it filed a motion to compel more complete responses to its 1998 interrogatories in December, 2001. After conferring with the relators on this and one of relators' own discovery motions, both motions were withdrawn in January, 2002.

[5] We have also currently stayed briefing on Northrop's motion to compel the relators to provide specific allegations of fraud. If we find that such information is necessary, we will re-commence the briefing on this issue.

5